CHAVEZ, C. J., and NOBLE, J., concur.

444 P.2d 586

Filomeno CHAVEZ, Plaintiff-Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant-Appellee.

No. 8540.

Supreme Court of New Mexico.

Aug. 30, 1968.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for plaintiff-appellant.

B. G. Johnson, R. G. Cooper, J. J. Monroe, Albuquerque, for defendant-appellee.

## OPINION

COMPTON, Justice.

This action was brought pursuant to Title 45, § 51, U.S.C.A., to recover damages for injuries sustained by the plaintiff because of the defendant's alleged negligence in failing to provide plaintiff sufficient help in sorting, loading and moving heavy mail bags, and in failing to provide the plaintiff with a safe place to work.

The defendant denied negligence and pleaded contributory negligence as a defense. The cause was tried to a jury. The issues were found in favor of the defendant, and the plaintiff appeals.

It appears from the evidence that appellant, a baggage man, while handling the mail, asked for additional help, which was denied. Nevertheless, he loaded some 600 bags of mail in order for the mail to be dispatched on schedule. Many of the bags were of considerable weight, but as to the weight of the bags, the evidence is conflicting. While loading the mail bags, plaintiff felt pain in his knee and ankle, culminating in the injury of which he now complains, and which allegedly has permanently disabled him.

The decisive question is whether the court erred in giving the following instruction.

"18. You are instructed that where an employee attempting to lift or move an object is injured due to the fact that he overestimates his capabilities and strength, such an overestimation can be negligence on the part of the employee, and if the sole proximate cause of the injury to the employee, will bar recovery for the injury.

"In this connection if you find that the sole proximate cause of the plaintiff's injuries was that he overestimated his strength or capabilities, which under the

circumstances was conduct which a reasonably prudent person under the same or similar circumstances would have foreseen would or could result in injury to himself, and you further find that any such overestimation of strength or capabilities was the sole proximate cause of injury to the plaintiff, then your verdict must be for the defendant."

Appellant contends that the instruction injects into the case the issue of "assumption of risk." We agree; the trial court fully instructed the jury on the issues of negligence, contributory negligence and comparative negligence. The court defined negligence and instructed the jury that failure of an employer in the exercise of ordinary care to provide sufficient men to enable an employee timely to accomplish the work assigned to him constitutes negligence. The jury was also instructed that the limit of an employer's liability is to exercise ordinary care in furnishing an employee a reasonably safe place to work. Contributory negligence also was defined, and the jury was instructed that if an employee fails to exercise ordinary care under the existing circumstances for his own safety, such failure constitutes contributory negligence.

Then, after having instructed the jury on the issues presented, the court gave the questioned instruction. While the instruction mentioned negligence, it was prejudicial error to give it. As we construe the instruction, the court told the jury indirectly that an employee may assume the ordinary risk incident to his employment if he sustains an injury as a result of his bad judgment in overestimating his capabilities and strength. Assumption of risk once was a defense in F.E.L.A. cases. St. Louis-San Francisco Ry. Co. v. Childers, 197 Ark. 527, 124 S.W.2d 964; Worlds v. Georgia R. Co., 99 Ga. 283, 25 S.E. 646; Arnold v. Scandrett, 345 Mo. 115, 131 S.W.2d 542; Robertson v. Texas & N. O. R. Co., 133 S.W.2d 819 (Tex.Civ.App.). However, Title 45, U.S.C.A. § 54, as amended in 1939, completely abolished every vestige of the doctrine of assumption of risk as a defense. Tiller v.

**403**

Atlantic Coast Line Railroad Company, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610.

The judgment must be reversed. It is so ordered.

NOBLE and CARMODY, JJ., concur.