SKRUPKY and wife, Respondents, v. HARTFORD FIRE INSURANCE COMPANY, Appellant: BRUNETT and another, Defendants.

*No. 190. Argued September 6, 1972.—Decided October 5, 1972.*
(Also reported in 201 N. W. 2d 49.)

For the appellant there was a brief and oral argument by *Marshall A. Wiley* of Chippewa Falls.

For the respondents there was a brief and oral argument by *Edward J. Coe* of Rice Lake.

BEILFUSS, J. Does the time limitation for the commencement of an action after a loss, as provided in the policy, apply to (a) a cause of action alleging a breach of warranty, (b) a cause of action alleging negligence in failing to prepare the policy of full coverage?

The policy provision giving rise to the dispute is as follows:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss."

This provision is taken from the statutory standard fire policy [1] and applies to losses suffered by the insured from any peril covered by the policy. [2]

The appellant Hartford contends that any recovery by the plaintiffs must be upon the policy, and that if the policy does not cover a loss agreed to be insured, the remedy is reformation of the policy.

The respondents Skrupky agree that reformation is one available remedy and that an action for reformation is an action on the policy and limited by the twelve-month provision. The plaintiffs-respondents assert that reformation is not the only remedy under the facts

---

[1] Sec. 203.01, Stats. Policy lines 157, 158, 159, 160 and 161.

[2] *Riteway Builders, Inc. v. First National Ins. Co.* (1964), 22 Wis. 2d 418, 422, 126 N. W. 2d 24.

alleged and their stated causes of action for breach of warranty and negligence are not actions "on this policy" and are not limited by the twelve-month provision.

Neither party has cited any Wisconsin cases or authority that specifically answer the question. However, in support of their position, the plaintiffs cite an Alaska case, *Austin v. Fulton Ins. Co.* (1968), 444 Pac. 2d 536. The plaintiff in *Austin* suffered damage to his property because of the 1964 Anchorage earthquake. The policy excluded losses caused by earthquakes and included a similar if not identical twelve-month limitation provision for actions on the policy. The plaintiff claimed he bought a full-coverage policy. In 1966, many months beyond the twelve-month period, he commenced an action wherein he alleged five separate causes of action, including causes of action for reformation, breach of warranty and negligence. The Alaska court held the cause of action for reformation was an action on the policy and was barred by the twelve-month provision of the policy; and further held that the causes of action for breach of warranty and negligence were not dependent on the contract but based upon independent promises or acts. The court then concluded the actions were not on the policy, that they were tort actions with a two-year statute of limitations.

The appellant Hartford argues that plaintiffs-respondents have only one cause of action—reformation, and that their alleged causes of action for breach of warranty or negligence are only an attempt to put another label on the same cause of action.

Our prior cases have recognized fraud, mutual mistake and negligence as sufficient bases for reformation of insurance contracts.

In *Artmar, Inc. v. United Fire & Casualty Co.* (1967), 34 Wis. 2d 181, 186, 187, 148 N. W. 2d 641, 151 N. W. 2d 289, we stated:

". . . A cause of action for reformation of an insurance policy is allowed when the one seeking reformation shows that because of fraud or mutual mistake the policy does not contain provisions desired and intended to be included. In insurance cases less is required to make out a cause of action for reformation than in ordinary contract disputes. One reason for this standard is quoted in *Jeske v. General Accident Fire & Life Assur. Corp.:*

" ' "In common practice the assured informs the agent of his coverage necessities and leaves it entirely to the agent to provide therefor. The average individual accepts the policy tendered relying upon the assurance on the part of the insurer, express or implied, that the policy affords him the coverage desired." '

"The standard for reformation of an insurance contract where fault or neglect of the agent is involved is spelled out by 13 Appleman, Insurance, p. 368, sec. 7609:

" 'Where a policy of insurance, which has been drawn up by the agent of the insurer and merely accepted by the insured, does not represent the intention of both parties, because of the fault or neglect of the agent, it may be reformed so as to express the contract it was intended should be made. Where the party applying for insurance states the facts to the agent and relies on him to write the policy, which will protect his interests, and the agent so understands, but fails by mistake to so write the contract, the mistake is considered mutual. The insured has been held entitled to a reformation and is not limited to a return of the policy and demand of a rescission.

" 'A mistake due to the negligence of an agent, acting within the scope of his employment, is satisfactory ground for reformation, since the insured ordinarily relies upon the agent to set out properly the facts in the application. . . .' "

With due deference to the Alaska court, we are of the opinion that when a loss occurs that is or should have been covered by an insurance contract, an action or suit to collect must be based upon the policy. It is the insurance policy or contract that creates the obligation on the part of the insurance company to pay the loss.

If the policy does not fully or accurately state the agreement of the insurer and the insured, the remedy is to reform the contract to conform to the agreement. If a party chooses to call his cause of action misrepresentation, fraud, breach of warranty, negligence or mistake, the terms of the policy as they are or should have been still control the obligation of the insurer to pay for a loss. An action to resolve a dispute as to the liability of an insurer to pay the loss, under these circumstances, is an action on the policy.

We believe the statutory twelve-month limitation contained in the policy applies to the causes of action alleged by the plaintiffs and that the demurrer to the separate answer should have been overruled.

*By the Court.*—Order reversed and remanded for further proceedings not inconsistent with this opinion.