**Rosemary Droste ZEHNER, Appellant (Plaintiff Below),**

v.

**MFA INSURANCE CO., Appellee (Defendant Below).**

No. 1–1182A333.

Court of Appeals of Indiana, First District.

July 12, 1983.

Jim Corbett, Lantz & Hamilton, Evansville, for appellant.

Stephen Hensleigh Thomas, Clark, Statham, McCray, Thomas & Krohn, Evansville, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Rosemary Droste Zehner (Zehner) appeals an order of the Vanderburgh Superior Court granting a summary judgment in favor of MFA Insurance Co. (MFA) since Zehner previously had filed the same action in another court. Therefore, the present action constituted an impermissible collateral attack on the prior order of the Spencer Circuit Court.

We affirm.

## STATEMENT OF THE FACTS

On or about April 11, 1979, Zehner allegedly sustained storm damage to the roof of her home in Newburgh, Indiana. At the time of the loss, her home was covered under a policy of insurance issued by MFA. Zehner timely filed a claim of loss which MFA denied because of a deductible provision.

On May 4, 1981, more than two years after the date of the alleged loss, Zehner filed her original complaint against MFA, alleging a breach of the insurance contract. Shortly thereafter, MFA filed an Ind.Rules of Procedure, Trial Rule 12(B)(6) motion to dismiss the complaint because Zehner had failed to comply with the following insurance contract provision:

> No suit or action on this policy for the recovery for any claim shall be sustainable in any court of law or equity unless the requirements of this policy shall have been complied with, and unless commenced within twelve months after inception of the loss.

The Spencer Circuit Court had granted MFA's motion to dismiss on August 20, 1981, and six weeks later, on October 8, 1981, Zehner filed a motion for leave to file an amended complaint. The proposed amended complaint contained three counts: the previously dismissed breach of contract action and two tort claims for misrepresentation and negligence based on the terms of the policy. MFA objected to the petition to file an amended complaint, and the Spencer Circuit Court denied Zehner's petition. After filing a motion to correct errors, which was overruled, Zehner abandoned any further appeal of that action.

Instead, Zehner filed a second cause of action against MFA in the Warrick Circuit Court on October 26, 1981, which later was venued to the Vanderburgh Superior Court. The present action contained the same tort claims as alleged in her proposed amended

complaint which was denied by the Spencer Circuit Court.

On May 25, 1982, the Vanderburgh Superior Court sustained MFA's motion to dismiss, finding that:

"the complaint herein alleging claims for relief arising from the same contract of insurance which was the subject matter of the action in the Spencer Circuit Court, constitutes an impermissible collateral attack upon the orders of a Court of competent and concurrent jurisdiction."

Thereafter, the trial court granted MFA's motion for summary judgment, dismissing Zehner's action.

## ISSUE

The question on appeal is whether the present action of Zehner against MFA constitutes an impermissible collateral attack of a prior dismissal order of the Spencer Circuit Court.

## DISCUSSION AND DECISION

Zehner argues that the Spencer Circuit Court's order dismissing the original complaint and denying the proposed amended complaint does not bar her present cause of action for misrepresentation and negligence filed in another court of concurrent jurisdiction. Zehner further argues that the Spencer Circuit Court only dismissed the breach of contract action, and there is nothing in that court's order of dismissal which she must avoid to maintain the present action. Zehner relies on *Peterson v. Culver Educational Foundation,* (1980) Ind.App., 402 N.E.2d 448, for the proposition that since there is no mandatory joinder in Indiana, the only bar to successive suits between the same parties is common law res judicata.

Our standard of reviewing a summary judgment is the same as that of the trial court; summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Aetna Insurance Company of the Midwest v. Monteith Tire Company, Inc.,* (1983) Ind. App., 443 N.E.2d 880. While Zehner con-

cedes that she failed to bring an action on the insurance contract within one year from the date of loss as required by the policy, she steadfastly maintains that the twelve-month limitation period for bringing actions on the policy does not bar non-contractual claims, such as her tort claims, brought within the statutory period. Therefore, Zehner concludes, she is not collaterally attacking the Spencer Circuit Court's dismissal of her contract action, but, rather, she is filing new causes in an independent action.

We first note that under Indiana law, a provision in an insurance policy limiting the time in which a suit may be brought to a period less than that fixed by the statute of limitations is binding, unless it contravenes a statute. *Schafer v. Buckeye Union Insurance Company,* (1978) Ind.App., 178 Ind.App. 70, 381 N.E.2d 519; and *Stateman Insurance Company v. Reibly,* (1978) Ind.App., 175 Ind.App. 317, 371 N.E.2d 414. A twelve-month limitation of actions provision in an insurance policy is valid and enforceable. *C.A. Enterprises, Incorporated v. Employers Commercial Union Insurance Company of America,* (1978) Ind.App., 176 Ind.App. 551, 376 N.E.2d 534. Consequently, actions on the policy brought after the expiration of the limitation period provision would be barred.

As MFA points out, Zehner's present action, alleging misrepresentation and negligence on the part of MFA regarding coverage provisions in the policy, is based on the insurance policy and the loss and damages claimed are identical to the first action. Zehner's proposed amended complaint alleges misrepresentation and negligence in regard to "the terms of the policy." We must agree with MFA that Zehner's argument that her present tort claim is somehow a different and separate claim is rather transparent. *Peterson, supra,* involved separate causes of action which were based on entirely different facts, unlike the instant case. By the very words of her tort claim, Zehner's present cause of action arises from the same contract of insurance which was the subject matter of the action dismissed

in the Spencer Circuit Court. There is a strong line of authority that any form of action growing out of the insurance contract is governed by the limitation period contained in the policy. Appleman, Insurance Law and Practice § 11603. Although we have not found authority in Indiana facing the question of whether a subsequent tort action based on the policy is constrained by the limitation of actions provision under the insurance contract, the Supreme Court of Wisconsin faced this question in *Skrupky v. Hartford Fire Insurance Co.,* (1972) 55 Wis.2d 636, 201 N.W.2d 49.

In *Skrupky,* plaintiffs' home, which was covered by a multi-peril insurance policy, sustained a loss by bursting water pipes on their property. The insurance company paid only part of their claim because the policy did not provide full coverage. Almost two years after the loss, plaintiffs brought two actions: breach of warranty and negligence. The insurance company defended on each cause of action that the plaintiffs had failed to bring the action within the policy provision requiring the commencement of the suit on the policy within twelve months after the loss. The trial court found that the policy limitation period did not apply. On appeal, the Supreme Court reversed, agreeing with the insurance company that any recovery by the plaintiffs must be upon the policy, and therefore within the policy's twelve-month limitation period. The *Skrupky* court held:

> "[W]e are of the opinion that when a loss occurs that is or should have been covered by an insurance contract, an action or suit to collect must be based upon the policy. It is the insurance policy or contract that creates the obligation on the part of the insurance company to pay the loss.
>
> If the policy does not fully or accurately state the agreement of the insurer and the insured, the remedy is to reform the contract to conform to the agreement. If a party chooses to call his cause of action misrepresentation, fraud, breach of warranty, negligence or mistake, the terms of the policy as they are or should have been still control the obligation of the insurer to pay for a loss. An action to resolve a

dispute as to the liability of an insurer to pay the loss, under these circumstances, is an action on the policy.

> We believe the statutory twelve-month limitation contained in the policy applies to the causes of action alleged by the plaintiffs and that the demurrer to the separate answer should have been overruled."

201 N.W.2d at 51–52. *See Martin v. Liberty Mutual Fire Insurance Company,* (1980) 97 Wis.2d 127, 293 N.W.2d 168 (where the court upheld *Skrupky* in ruling that plaintiff's action against the insurer to collect for a loss was, by its very nature, an action on the policy and subject to the policy's twelve-month limitation of actions provision).

In the case at bar, the trial court correctly construed Zehner's tort action as merely an attempt to put another label on the same cause of action previously dismissed by the Spencer Circuit Court, from which dismissal Zehner never initiated on appeal. It is apparent to this court that the source of Zehner's tort claim arises from the insurance contract, and thus, the policy's twelve-month limitation on actions controls. The trial court correctly determined that the present action constituted an impermissible collateral attack upon the orders of the Spencer Circuit Court.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.