VILLA CLEMENT, INC., a Wisconsin non-profit corporation, Plaintiff-Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a foreign stock insurance company, Defendant-Respondent,

VOSS-HRDLICKA-JORGENSEN COMPANY, INC., a Wisconsin corporation; Don DeBack Grading, Inc., a Wisconsin corporation; West Bend Mutual Insurance Company, a Wisconsin mutual insurance company; Arthur Gaffney, d/b/a Gaffney Grading; United States Fidelity & Guarantee Company, a foreign stock insurance company; Leo Dretzka Construction Co., a Wisconsin corporation; and Bituminous Casualty Corporation, a foreign stock insurance company, Defendants.

Court of Appeals

No. 83–2016. Submitted on briefs May 16, 1984.—
Decided June 20, 1984.
(Also reported in 353 N.W.2d 369.)

For the plaintiff-appellant the cause was submitted on the briefs of *Elliott Law Offices,* with *David M. Sweet* of counsel, of West Allis.

For the defendant-respondent the cause was submitted on the briefs of *Fellows, Himebauch, Piper & Schmidt,* with *Donald H. Piper* and *Terry J. Booth* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Moser, J. and Michael T. Sullivan, Reserve Judge.

SULLIVAN, J.   Villa Clement, Inc. (Villa Clement) appeals from a summary judgment dismissing its action against National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) on the ground that the action was time barred under the terms of the policy and under sec. 631.83(1)(a), Stats. We agree with the trial court that Villa Clement's action is barred under the limitation period set forth in the policy. We also agree that

the action is one on a "fire insurance" policy and that, because the action was not commenced within twelve months after the loss, it is barred by the statute of limitations, sec. 631.83(1)(a), Stats.

In 1981 Villa Clement, a Wisconsin non-profit corporation, purchased a builders all-risk insurance policy from National Union to cover loss or damage to a nursing home construction project undertaken by Villa Clement. During construction in July, 1981, the cap on a live water main became dislodged, and extensive flooding and consequent damage occurred. When informed of the loss, National Union denied coverage on the basis of a ground water exclusion clause contained in the policy. The present action was filed in November, 1982, more than a year after the loss. National Union moved for summary judgment in its favor on the ground that the action had not been timely filed under sec. 631.83(1)(a), Stats., which provides that "[a]n action on a fire insurance policy must be commenced within 12 months after the inception of the loss." Villa Clement argued, in opposition to the motion, that the policy sued on was not one of "fire insurance," as the term is used in sec. 631.83(1)(a), but rather was an all-risk builders construction policy of which fire was but one of the covered perils. The trial court agreed with National Union that the policy was one of fire insurance and that the action had not been timely filed. Accordingly, it granted the motion for summary judgment and dismissed the case. Villa Clement argues on appeal that the trial court erred in classifying the policy as one of "fire insurance" within the meaning of sec. 631.83(1)(a).

The policy contains a limitation of action clause which provides that a suit on the policy must be commenced "within twelve (12) months next after the happening becomes known to the insured, unless a longer period of time is provided by applicable statute." Villa Clement contends that the policy is a "liability policy" and that the

applicable period of limitation is six years under either sec. 893.43 or 893.52, Stats. We are unpersuaded that there is any applicable statute providing a longer period of limitation than that prescribed in the policy itself. Accordingly, we conclude that commencement of this suit was untimely under the one-year suit clause in the policy. We further conclude, however, that, policy language aside, this suit was governed by the one-year limitation period set forth in sec. 631.83(1)(a), Stats., for actions on policies of "fire insurance."

## CONSTRUCTION OF STATUTE— STANDARD OF REVIEW

The instant controversy centers on National Union's and Villa Clement's differing interpretations of sec. 631.-83(1)(a), Stats. When reasonably well-informed persons could construe a statute in different ways, the statute is ambiguous, and resort to statutory construction may be had. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). An appellate court may interpret an ambiguous statute by examining its language in relation to the statute's context, scope, history, subject matter and object intended to be accomplished. *Caldwell v. Percy,* 105 Wis. 2d 354, 361, 314 N.W.2d 135, 140 (Ct. App. 1981). The construction of a statute is a question of law for the court; and on review the court of appeals need not defer to the reasoning of the trial court. *Central National Bank of Wausau v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982).

## MEANING OF "FIRE INSURANCE"

The policy at issue insured Villa Clement against "all risks of direct physical loss of or damage to the property

insured from any external cause, subject to the exclusions, limitations, terms and conditions of this policy." The policy did not exclude fire as a covered peril; in fact, it expressly included fire as one of the perils insured against:

4. PERILS EXCLUDED: This policy does not insure:

. . . .
(e) Loss caused by frost, falling of ice or freezing, *unless resulting from damage caused by fire,* lightning, explosion, windstorm, riot, riot attending a strike, civil commotion, aircraft, vehicles and smoke;
(f) Loss or damage caused by or resulting from electrical failure, electrical injury or disturbance from artificial causes to electrical appliances, devices of any kind or wiring, *unless fire or explosion ensues, and then only for the actual loss or damage directly caused by such ensuing fire or explosion;*

. . . .
(i) Loss or damage caused by renovating or repairing, *unless fire or explosion ensues, and then only for actual loss or damage directly caused by such ensuing fire or explosion.* (Emphasis added.)

Villa Clement contends, however, that the inclusion of fire as a covered peril does not render the policy one of "fire insurance."

Section 631.83, Stats., the limitation statute at issue, was enacted in 1975.[1] Prior to its enactment the Wisconsin Statutes contained a standard fire policy with a one-year limitation period. *See* sec. 203.01, Stats. (1973). The standard policy limitation period was a contractual provision, merely approved by statute. *Martin v. Liberty Mutual Fire Insurance Company,* 97 Wis. 2d 127, 132, 293 N.W.2d 168, 171 (1980). Also in effect prior to the enactment of sec. 631.83, Stats., was a statutory classification of fire insurance. Section 201.04, Stats. (1973). Those statutes were later repealed and replaced in part by

[1] Sec. 41, ch. 375, Laws of 1975 (effective June 22, 1976).

sec. 631.83, Stats., which makes the one-year limitation period a statutory requirement for fire insurance policies. *See, Martin, supra,* n. 2, and accompanying text.

An examination of the statutory classification of fire insurance which was contained in sec. 201.04, Stats. (1973), is an instructive first step in determining what is encompassed by the term "fire insurance." That statute read, in pertinent part, as follows:

*Purposes; Classification.* An insurance corporation may be formed for the following purposes:

(1) Fire insurance. —against loss or damage to property, by fire, lightning, hail, tempest, explosion, and against any other loss or damage from any cause to property or in the use of, or income from property.

The above classification is seemingly broad enough to include, under the term "fire insurance," property indemnity insurance for any peril whatsoever.

Our supreme court has recognized that the term "fire insurance" covers indemnity insurance for losses to property caused by many other perils than fire. In *Riteway Builders, Inc. v. First National Insurance Company of America,* 22 Wis. 2d 418, 126 N.W.2d 24 (1964), the supreme court, in effect, treated the term "fire insurance" as a generic term.

The insured in *Riteway* sought to recover under its policy of insurance for the collapse of a basement wall of its building. The policy involved was the standard statutory policy set forth in sec. 203.01(1), Stats. (1955), with an attached endorsement which covered the loss sustained. The insured's action was commenced some five years after the loss, but it contended that the one-year limitation period in the standard policy applied only to the peril of fire and lightning and did not bar an action to recover on a loss from another peril. The court held that the one-year limitation period applied to any suit

to recover for loss from any peril covered by the policy. *Id.* at 421–23, 126 N.W.2d at 25–26. The court reasoned as follows:

The term "fire insurance" so far as classifying insurance companies and their purposes and authority to do business is set forth in sec. 201.04(1) as being, "Against loss or damage to property by fire, lightning, hail, tempest, explosion, and against any other loss or damage from any cause to property or in the use of, or income from property." While the insuring clause of the mandatory form refers only to fire and lightning, the standard form by lines 38 to 41 provides, "Any other peril to be insured against or subject of insurance to be covered in this policy shall be by endorsement in writing hereon or added hereto." *Id.* at 421–22, 126 N.W.2d at 25.

Further, reasoned the court, the one-year suit clause in the standard policy had been revised so that the limitation period no longer began to run from "next after the fire," but instead began to run from "next after inception of the loss." *Id.* at 422, 126 N.W.2d at 25–26.

In dicta the court noted that multi-peril policies were derived from, and were expansions upon, standard fire policies. "The standard form of fire policy has become the basic part of modern multiple risks and so-called 'home owner's policies,' at least since insurance companies have been [statutorily] authorized to write multiple risks . . . ." *Id.* at 421, 126 N.W.2d at 25.

We conclude, from the *Riteway* decision, that our supreme court viewed the old statutory standard fire policy as an all-risk property indemnity policy. This reading of *Riteway* is reinforced by a later decision, *Skrupky v. Hartford Fire Insurance Company,* 55 Wis. 2d 636, 201 N.W.2d 49 (1972). In *Skrupky* the court applied the one-year suit clause from the statutory standard policy to bar an action on the policy alleging the insurer's breach of warranty and negligence in writing the policy. The policy at issue was a "multi-peril insurance policy." *Id.* at 638,

201 N.W.2d at 49–50. The court said that the one-year suit clause contained in the multi-peril policy was taken from the statutory standard policy and cited *Riteway, supra,* for the proposition that the one-year provision "applies to losses suffered by the insured from any peril covered by the policy." *Id.* at 639, 201 N.W.2d at 50.

*Riteway* and *Skrupky* were both decided prior to the legislature's enactment of sec. 631.83(1)(a), Stats. Section 201.04, Stats. (1973), which as discussed above, broadly classified the term "fire insurance," was also in effect immediately prior to the enactment of sec. 631.83 (1)(a). We can presume that, in enacting sec. 631.83(1) (a), Stats., the legislature acted with full knowledge of the broad classification contained in sec. 201.04, Stats. (1973); the one-year suit clause contained in the statutory standard fire insurance policy, sec. 203.01, Stats. (1963) and (1955); and the interpretation given those statutes by the supreme court in *Riteway* and *Skrupky:*

[A] . . . rule of statutory construction is that the legislature is presumed to enact statutory provisions with full knowledge of the existing laws, including the decisions of this court interpreting relevant statutes. *Glinski v. Sheldon,* 88 Wis. 2d 509, 519–20, 276 N.W.2d 815, 820 (1979); *accord, State v. Gordon,* 111 Wis. 2d 133, 145–46, 330 N.W.2d 564, 569 (1983).

We will therefore presume that the legislature was aware, when it enacted sec. 631.83(1)(a), that "fire insurance" had been treated in prior statutes and case law as a generic term for property indemnity insurance covering a broad spectrum of perils.

Further support for a broad construction of the term "fire insurance" can be found in the Commissioner of Insurance's treatment of the term. In 1975 the legislature abandoned statutory classifications of insurance lines and mandatory policy forms. *See* Legislative Council Committee Comment—1975, accompanying sec. 6, ch. 372,

1975 Wis. Laws, Wis. Stats. Annotated, sec. 627.05 (West 1980). Sections 201.04(1) and 203.01(1), Stats. (1973) were repealed,[2] and new statutes were enacted which gave the Commissioner of Insurance the power to classify lines of insurance, approve forms and promulgate authorized clauses for insurance forms. *See* secs. 627.05, 631.20 and 631.23, Stats. (1981–82).

The Commissioner of Insurance set forth the following classification in Wis. Admin. Code Ins. § 6.75:

(2) PROPERTY AND CASUALTY INSURANCE.

. . . .

(a) Fire, inland marine and other property insurance—insurance against loss or damage to real and personal property, while stationary or in transit, *arising out of fire or any other peril* but not including any insurance defined in any other paragraph of this rule. (Emphasis added).

We are persuaded that the above classification embraces property indemnity insurance for risks of any kind.

We further note that the Commissioner of Insurance has approved the one-year limitation period clause for inclusion in all policies of property indemnity insurance. In Wis. Admin. Code Ins. § 6.76(3)(p) the Commissioner lists as an approved clause for "fire, inland marine and other property insurance" the following:

*Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.

We are persuaded, by the foregoing administrative regulations, that the Commissioner of Insurance deems "fire insurance" a generic term which encompasses all types of property indemnity insurance.

[2] Secs. 1 and 8, ch. 375, Laws of 1975 (effective June 22, 1976).

We are somewhat surprised by Villa Clement's argument that the subject insurance policy, covering loss or damage to property, is a "liability" policy and that, therefore, the one-year statute of limitations for actions on fire insurance policies is inapplicable. The subject builders risk policy, by its language, provides for indemnity against loss to property during the period of construction. The policy "insures against all risks of direct physical loss of or damage to the property insured from any external cause . . . ." Insurance policies which provide indemnity against loss are known as "indemnity" policies. "Liability" policies, on the other hand, are those which provide for indemnity against liability on account of injuries to the person or property of another. *See* Black's Law Dictionary 944 (Rev. 4th ed. 1968). Because the subject policy indemnifies against loss to the insured property, it is unquestionably an indemnity policy.

In conclusion, we agree with the trial court that the instant action was not timely commenced. While the result would be the same under either the one-year suit clause contained in the policy itself or the statute of limitations for fire insurance policies, sec. 631.83(1)(a), Stats., we hold that sec. 631.83(1)(a) is controlling. We thus uphold the trial court's grant of summary judgment and dismissal of Villa Clement's action.

*By the Court.*—Judgment affirmed.