Steven PICUS and Kenneth Pettit, Plaintiffs-Appellants,

v.

Shirley COPUS, Defendant,

CITIZENS SECURITY MUTUAL INSURANCE COMPANY, Defendant-Respondent. †

Court of Appeals

*No. 84–1849. Submitted on briefs October 9, 1985.—Decided November 14, 1985.*
(Also reported in 379 N.W.2d 341.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Mark A. Peterson* and *Peterson, Antoine & Peterson, S.C.* of Prairie du Chien.

For the defendant-respondent the cause was submitted on the brief of *Richard E. Rosenberg* and *Nowland & Mouat* of Janesville.

Before Gartzke, P.J., Dykman and Eich, JJ.

---

† Petition to review denied.

EICH, J. Steven Picus and Kenneth Pettit appeal from a summary judgment dismissing their action against Citizens Security Mutual Insurance Company (CSM). Appellants, the mortgagees of a mobile home destroyed by fire, sued CSM, the insurer of the property, to recover the policy proceeds. The issue is whether appellants' claim is one "on the policy" and thus barred by the one-year statute of limitation, sec. 631.83(1)(a), Stats. Because we conclude that the statute does not bar the action, we reverse.[1]

Appellants co-signed a promissory note for Shirley Copus. As security for the note, the lending bank took a mortgage on Copus's residence. When Copus defaulted on the note, appellants were required to pay the balance and, upon payment, took an assignment of the note and mortgage from the bank. On October 29, 1982, the residence was destroyed by fire. In early November, appellants' attorney notified CSM of their mortgage lien on the property. A CSM adjuster identified appellants in his report as parties having an interest in the property, and they were named on the proof of loss form filed with the company. Appellants also allege that a CSM representative orally agreed to protect their interest in the proceeds and to give them advance notice before making any payout on the policy.

Sometime thereafter, Copus contacted CSM demanding that the insurance proceeds be paid over to her and another mortgage holder who was named in the policy. On November 24, 1982, CSM paid the proceeds to Copus and the listed mortgagee without notifying appellants.

---

[1] In summary judgment cases, we follow the same analysis as the trial court. That procedure, discussed in *In re Cherokee Park Plat,* 113 Wis.2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983), need not be repeated here as the material facts as to the nature of appellants' claim against CSM are not in dispute, and the parties agree that the only issue on appeal is the application of sec. 631.83(1)(a), Stats.

On December 14, 1983, one year and forty-six days after the fire loss, appellants brought this action against CSM and Copus,[2] seeking damages in an amount equal to the payment they had made to the bank, plus interest. As grounds for recovery, they allege negligence, misrepresentation and breach of contract on the part of the company's agents and employees. The trial court granted CSM's motion for summary judgment and dismissed the complaint, ruling that the action was one on the policy and therefore was barred by sec. 631.83(1)(a), States.[3] Because the construction of a statute is a question of law, we review the decision without deference to the trial court. *Sacotte v. Ideal-Werk Krug & Priester,* 121 Wis. 2d 401, 405, 359 N.W. 2d 393, 395 (1984).

Section 631.83(1)(a), Stats., provides that "[a]n action on a fire insurance policy must be commenced within 12 months after the inception of the loss." Appellants argue that their action, which is based on allegations of negligence, breach of contract and misrepresentation, is not an action "on the policy" within the meaning of the statute.

The trial court concluded that, "no matter what it is called," appellants' action was one on the policy because "it is the policy which obligates the insured to pay" and "[b]ut for that policy the [appellants] would have no reason to connect [CSM] with the[ir] loss."

Respondents argue that the trial court's conclusion, and ours as well, is compelled by *Martin v. Liberty Mutual Fire Ins. Co.,* 97 Wis.2d 127, 293 N.W.2d 168 (1980), and *Skrupky v. Hartford Fire Ins. Co.,* 55 Wis.2d 636, 201 N.W.2d 49 (1972), where the supreme court held that actions against insurance companies for negligence and

---

[2] The trial court entered a default judgment against Shirley Copus.

[3] CSM's answer raised several other affirmative defenses relating to the merits of appellants' claim. The trial court did not rule on these issues, however, and thus we do not consider them on appeal.

breach of contract were actions "on the policy" within the meaning of sec. 631.83(1)(a), Stats.[4]

*Martin* and *Skrupky* are distinguishable. Both were actions by insureds against their insurers, and in each case the insurer denied liability for a loss which the insured claimed should have been covered by the policy. In *Martin,* the insured alleged that the insurer had wrongfully refused to pay the claim, thus breaching the insurance contract. The court concluded that the action, no matter how it was designated in the complaint, was one "to collect for a loss [which] is, by its very nature, an action on the policy, since it is the policy which obligates the insurer to pay the loss." *Martin* at 132, 293 N.W.2d at 171. In *Skrupky,* the insured sued to collect for a loss, alleging breach of warranty by the selling agent (who, it was claimed, had promised "full and complete" coverage) and negligence on the company's part for writing the policy so as to limit the "full . . . coverage as promised." *Skrupky* at 638, 201 N.W.2d at 50. The court concluded that:

> [W]hen a loss occurs that is or should have been covered by an insurance contract, an action or suit to collect must be based upon the policy. It is the insurance policy or contract that creates the obligation on the part of the insurance company to pay the loss.
>
> If the policy does not fully or accurately state the agreement of the insurer and the insured, the remedy is to reform the contract to conform to the agreement. If a party chooses to call his cause of action misrepresentation, fraud, breach of warranty, negligence or mistake, the terms of the policy as they are or should have been still control the obligation of the insurer to pay for a loss. An action to resolve a dispute as to the liability of an insurer to pay the loss, under these cir-

---

[4] In *Martin* and *Skrupky,* the actions on the policy were under sec. 203.01, Stats. (1973), which has been repealed and replaced in part by sec. 631.83, Stats., ch. 375, Laws of 1975. The pertinent language regarding the statute of limitations, however, is the same.

cumstances, is an action on the policy. *Id.* at 641–42, 201 N.W.2d at 51–52.

In this case, the issue is not whether CSM is liable to appellants for the fire loss under the terms of the policy; indeed, CSM conceded liability and paid the loss to the named insured. Unlike the plaintiffs in *Martin* and *Skrupky,* appellants are not the owners of a CSM policy; nor are they insureds under Copus's policy. They have no standing to sue on Copus's insurance contract, whether to enforce it or reform it. Whatever obligation CSM may have to appellants has nothing to do with the terms of the Copus policy. Indeed the policy's "loss payable clause" specifies that losses are payable only to the named insured or a payee "specifically named hereunder."

Appellants are not seeking to recover on the policy. Their loss is the loss of their security for the Copus note and mortgage. Any liability CSM may have to appellants is based on appellants' allegations that, with knowledge of their security interest in the property, and having agreed to protect their interests and notify them before proceeding further, the company nonetheless paid the policy proceeds to Copus and another party. Appellants' claim against CSM relates only to the proceeds of the policy, not to the policy itself. It arises out of written and oral communications occurring after the loss which were wholly independent of the insurance contract between CSM and Copus. To conclude, as the trial court did, that because the dispute between appellants and CSM would not have arisen in the absence of the policy, the action must be "on the policy" within the meaning of the statute, would render the phrase, and the statute, meaningless. Contrary to CSM's assertion, *Martin* and *Skrupky* do not require such a result.

We make no assessment of the merits of any of appellants' claims. We decide only that they do not comprise

an action "on the policy" within the meaning of sec. 631.83(1)(a), Stats.

*By the Court.*—Judgment reversed.