Alonzo WALTON, Appellant,

v.

COLONIAL PENN INSURANCE
COMPANY, Appellee.

No. 78339.

Supreme Court of Oklahoma.

Sept. 28, 1993.

James W. Swank, Oklahoma City, for appellant.

John F. Martin, Culp, Heath, & Sushnik, Oklahoma City, for appellee.

WATT, Justice.

Walton's home was destroyed by fire, on March 23, 1987, while it was covered by a fire insurance policy issued by Colonial. Walton sued to recover on the policy less

than one year after the fire, on October 23, 1987. On November 4, 1988, Walton obtained an order from the trial court dismissing his suit without prejudice. Walton refiled his suit on November 27, 1990. The second suit was filed more than one year after the first was dismissed and came more than two years after the fire loss occurred. Walton's suit did not fall within the protection of 12 O.S.1981 § 100, which gives a litigant one year following the dismissal of an earlier action that failed otherwise than on its merits. Thus, Walton's refiled action was timely only if the five-year statute of limitations governing contracts, 12 O.S.1981 § 95.First, applies. The District Court of Oklahoma County, James L. Gullett, trial judge, dismissed Walton's petition on the ground that his cause of action was barred by the one year statute of limitations for suits on fire insurance policies, § 4803.G. The Court of Appeals affirmed, but held in its opinion that 36 O.S.1981 § 4803.G was unconstitutional. We granted certiorari on May 17, 1993.

## ISSUE

■ Walton's sole proposition of error is that the five-year statute of limitations governing contracts in writing, 12 O.S.1981 § 95.First, applies here because the one year statute of limitations, 36 O.S.1981 § 4803.G, specifying limitation periods for insurance contracts, is unconstitutional. Section 4803.G, according to Walton, violates Art. 5, §§ 46 and 59, Okla. Const.

because § 4803.G is a "special or local" act for limitation of a civil action. We disagree.

## DISCUSSION

■ Walton cites *Uptegraft v. Home Ins. Co.*, 662 P.2d 681 (Okla.1983) in which we held that the applicable statute of limitations for a suit under the uninsured motorist coverage provision of an automobile policy is the five-year period provided for in § 95.First. In *Uptegraft*, we applied Art. 23, § 9, Okla. Const. and declared void a contractual provision limiting an insured's right to sue.[1] *Uptegraft*, however, does not apply in this appeal because Art. 23 § 9 does not prevent the *legislature* from mandating statutes of limitations relating to contracts. Here, the statute of limitations governing suits on fire insurance policies is 36 O.S. § 4803.G. Section 4803.G is a statute in the form of a fire insurance policy.[2] Thus, the one year limitation period specified in the policy is a *statutory* period of limitations, and not a *contractual* one. The legislature also authorized a contractual one year statute of limitations for fire insurance policies in 36 O.S. § 3617.[3]

Walton claims that Art. 5, §§ 46 and 59, Okla. Const. prohibit the legislature from passing legislation setting periods of limitations for insurance contracts different in length from the five-year period for contracts in writing provided for in 12 O.S. 1991 § 95.First.[4] His contention is based

1. Art.. 23 § 9, Okla. Const. provides:
   Any provision of any contract or agreement, express or implied, stipulating for notice or demand *other than such as may be provided by law*, as a condition precedent to establish any claim, demand, or liability, shall be null and void. [Emphasis added.]

2. 36 O.S. § 4803.G provides in material part:
   Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

3. Title 36 O.S.1981 § 3617 provides:
   No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be performed in Okla-

homa, shall contain any condition, stipulation or agreement ... (3) limiting the time within which an action may be brought to a period of less than two (2) years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances; *in property and marine and transportation policies such time shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss.* Any such condition, stipulation or agreement shall be void, but such voidance shall *not affect the validity of the other provisions of the policy.* [Emphasis added.]

4. Art. 5, § 46, Okla. Const. provides:

on his conclusion that any statute of limitations different from five years on a written contract is a special or local law and unconstitutional. Walton relies on *Reynolds v. Porter*, 760 P.2d 816 (Okla.1988). We held there that special laws, which single out less than an entire class of persons or things, are unconstitutional under § 46. Walton's analysis misinterprets *Reynolds* and the purpose and operation of §§ 46 and 59.

In *Reynolds*, we examined a statutory provision, 76 O.S.1981 § 18, that limited the damages of a plaintiff in a medical malpractice action if the plaintiff sued more than three years after the date of the injury. We held that the legislation violated § 46 because it limited the recovery of plaintiffs who sued more than three years after the date of the injury in malpractice actions. On the other hand, claimants in all other tort actions could bring suit within two years of the discovery of harm. These plaintiffs had no limitation to the amount of their recovery, although they sued more than three years after the date of the injury. We concluded that this distinction created an impermissible subclass of plaintiffs who, relying on the discovery rule, sued in tort within two years of the discovery of damage, but more than three years after the date of the injury.

In *Reynolds*, we noted that the legislation we declared unconstitutional was *not* a statute of limitations. Instead, the statute limited the measure of plaintiffs' damages without cutting off the right to recover any damages. We recognized that establishing statutes of limitations to relieve a class of defendants "from the burden of defending stale claims ... [could be a] valid legislative objective...." *Id.* 760 P.2d at 825.

Another clause of 76 O.S. § 18, the statute we interpreted in *Reynolds*, provides that all malpractice actions must be brought within two years of the date of discovery by the plaintiff of the damage complained of. In *McCarroll v. Doctors General Hosp.*, 664 P.2d 382 (Okla.1983), we held that § 18 did not violate Art. 5, § 46, Okla. Const. We held that the legislature may group particular classes of businesses together for the purpose of establishing a statute of limitations.

█ Walton argues that because § 95.-First calls for a five-year statute of limitations for suits on contracts "in writing," it creates a class made up of all litigants suing on written contracts. From this hypothesis, Walton argues that the legislature may not enact statutes of limitations of different lengths for different types of written contracts. We disagree. The possible subjects of written contracts are virtually limitless. Real property, personal property, sales, and settlements, are a few examples of the many that exist. Deciding the length of statutes of limitations for a particular type of written contract is a legitimate area of legislative discretion.

Walton's contention that the legislatively mandated periods of limitation provided for by the legislature in the Insurance Code, 36 O.S.1981 §§ 101, et seq. is unconstitutional is unconvincing. The Oklahoma Legislature, and for that matter all other state legislatures, have traditionally regulated the business of insurance. Legislatures have also traditionally provided different statutes of limitations for different kinds of insurance policies. Section 4803 mandates the terms to be contained in all policies of fire insurance, including a one year statute of limitation. Note 2, supra. Section 4803 is known as the New York Fire

---

The legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

.      .      .      .      .

For limitation of civil or criminal actions;
...

Art. 5, § 59 Okla. Const. provides:
Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

12 O.S.1991 § 95. First provides:
Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
First. Within five (5) years: An action upon any contract, agreement or promise in writing.

.      .      .      .      .

Insurance Law of 1943. It has been adopted by statute in twenty-eight states, and administratively adopted in twelve other states and the District of Columbia. *Property Insurance Annotations, Fire and Extended Coverages,* 1977, 1982 Supp., Committee of Property Insurance Law, Tort and Insurance Section, American Bar Association. We have searched in vain for a case from any jurisdiction declaring unconstitutional the one year statute of limitations in the New York Fire Insurance Law.

■ The area of insurance contracts is one in which the legislature has the power to decide public policy. The one year statute of limitations applicable to suits on fire insurance policies is not a local or special act as that term is used in Art. 5, §§ 46 and 59 Okla. Const. The vices that §§ 46 and 59 prohibit are legislative attempts to impose arbitrary distinctions such as a statute of limitations applying to suits on some fire insurance contracts, but not on others. That other kinds of insurance, or other kinds of contracts, have statutes of limitations different from those relating to fire insurance does not make the fire insurance statute of limitations, 36 O.S. § 4803.G, unconstitutional.

It is within the legislature's exclusive province to enact statutes of limitations applicable to particular classes of insurance contracts. A contrary holding would inappropriately deprive the legislature of discretion to pass any statute different from those enumerated in § 95, despite the policy considerations involved.

Justice Cardozo explained the nature and purpose of constitutional provisions such as §§ 46 and 59 in *Williams v. Mayor and City Council of Baltimore,* 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015 (1933). The Maryland constitution forbade local or special laws exempting property from taxation.[5] The Maryland legislature passed an act exempting a railroad company, which was in receivership, from all state, county, and local taxes for two years. The railroad

transported millions of passengers each year in the Baltimore area. The legislature decided that an exemption from taxation would be necessary to keep the line in operation. The City of Baltimore claimed that the exemption was unconstitutional because of Maryland's constitutional requirement that all tax acts be "uniform." The Supreme Court rejected the argument. Justice Cardozo noted, with respect to the meaning of the constitutional requirement of uniformity,

> All that it exacts in respect of the narrower exemption is the presence of a relation, fairly discernible, between the good of the individual and the good of the community. There must be something more than an arbitrary preference of one among many....
>
> ... It is not the function of a court to determine whether the public policy that finds expression in legislation of this order is well or ill conceived. [Citations omitted.] *The judicial function is exhausted with the discovery that the relation between means and end is not wholly vain and fanciful, an illusory pretense.* [Emphasis added.]

*Id.,* 289 U.S. at 41–42, 53 S.Ct. at 433.

Legislatures have traditionally created special statutes of limitations for special kinds of contracts. For example, under the Uniform Commercial Code, sales contracts, including oral sales contracts, are governed by a five-year statute of limitations. 12A O.S.1991 § 2–725(1). Section 2–725(1) is inconsistent with 12 O.S. § 95.Second, which imposes a three year period of limitations on suits grounded on an oral contract. We held in *Sesow v. Swearingen,* 552 P.2d 705 (Okla.1976), that by passing § 2–725(1) the legislature had impliedly repealed the inconsistent provisions in § 95. Were we to accept Walton's argument that § 4803.G is unconstitutional, because it is inconsistent with § 95.First, the same argument could be used to attack the constitutionality of

---

**5.** Art. 5, § 46 contains a provision similar to that examined by the U.S. Supreme Court in *Williams.* Section 46 prohibits "any local or

special law ... Exempting property from taxation;"

§ 2–725(1).[6]  We reject this contention. The legislature's policy decision to provide a one year statute of limitations for suits on fire insurance contracts in §§ 4803.G and 3617, while providing for different statutes of limitations for suits on other contracts was reasonable.  The legislature's decision was neither "vain and fanciful," nor "an illusory pretense."  *Williams, Id.* This conclusion ends the inquiry.

CERTIORARI PREVIOUSLY GRANTED, COURT OF APPEALS OPINION VACATED, AND TRIAL COURT JUDGMENT AFFIRMED.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE and SUMMERS, JJ., concur.

OPALA, ALMA WILSON and KAUGER, JJ., dissent.

**6.**  We note that the Uniform Commercial Code has been adopted in all fifty states and the District of Columbia.