1997 OK 160

**Charles WAGNON and Loralee Wagnon, husband and wife, Plaintiffs–Appellees–Cross–Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellant–Cross–Appellee.**

No. 89362.

Supreme Court of Oklahoma.

Dec. 23, 1997.

As Corrected April 3, 1998.

Steven L. Sessinghaus, Colorado Springs, CO, for Plaintiffs–Appellees–Cross–Appellants.

Neal E. Stauffer, Kent B. Rainey, Anthony J. Jorgenson, Stauffer, Rainey, Gudgel & Hathcoat, P.C., Tulsa, for Defendant–Appellant–Cross–Appellee.

ALMA WILSON, Justice:

¶ 1 Charles and Loralee Wagnon sued State Farm Fire and Casualty Company in the District Court of Tulsa County, State of Oklahoma, for breach of contract and bad faith after State Farm denied their insurance claim. The insurer, State Farm, removed the case to the United States District Court for the Northern District of Oklahoma. The federal court, in a non-jury trial, found for the Wagnons on the breach of contract claim, awarding $12,899.68 for their loss, but granted judgment to the insurer on the bad faith claim. Both parties appealed to the United States Court of Appeals for the Tenth Circuit. That court, pursuant to 20 O.S.1991, §§ 1601–1611, has certified a question of law concerning whether theft coverage in the Wagnons' homeowners/renters' insurance policy is subject to the one-year statute of limitations prescribed for fire insurance policies in 36 O.S.1991, § 4803(G).[1] We answer that theft coverage is not subject to the one-year statute of limitations prescribed for fire insurance policies under § 4803(G).[2]

¶ 2 The following facts are provided by the Tenth Circuit court. The Wagnons entered into a one-year insurance contract that protected their personal property against loss from multiple perils including fire, lightning, and theft. The policy provided that any suit against the insurer "must be started within one year after the date of loss or damage." Three months after entering into the contract, the Wagnons filed a claim alleging loss from a burglary occurring on April 4, 1992. The insurer denied coverage based on misrepresentations by the Wagnons. On April 4, 1994, the Wagnons sued the insurer for breach of contract and bad faith. The insurer moved for summary judgment on the breach of contract claim based on the one-year provision in the policy and the one-year limitation on actions provided in 36 O.S.1991, § 4803(G). The federal district court denied the motion, concluding that the one-year limitation in the Wagnons' policy was invalid. The court then determined the amount of the Wagnons' loss under the policy and awarded that amount on the breach of contract action.

1. The certified question was worded as follows: "Whether theft coverage in a homeowners/renters' insurance policy, which also insures against loss by fire and lightning, is subject to the one-year statute of limitations prescribed for fire insurance policies under section 4803(G) of title 36 of the Oklahoma Statutes, in light of the restrictions found in title 36, section 3617 of the Oklahoma Statutes, when such coverage falls both within the definition of property insurance under title 36, section 704 of the Oklahoma Statutes, and the definition of casualty insurance under title 36, section 707 of the Oklahoma Statutes."

2. Section 4803 was amended by 1992 Okla. Sess. Laws, ch. 75, § 1, effective Sept. 1, 1992. The amendment does not affect the issues before this Court.

¶ 3 State Farm begins its argument by stating that a policy of insurance insuring against the peril of fire must conform to the standard fire policy and any endorsements to that policy are subject to the statute of limitations provision contained therein. An examination of the policy reveals that it bears little, if any, resemblance to the "Standard Fire Insurance Policy" found in 36 O.S.1991, § 4803(G). The Wagnons' policy insures against accidental direct physical loss to property caused by seventeen perils including fire and theft.[3] Even when the Wagnons' policy concerns the same subject as the standard fire insurance policy, the wording is different.[4] Although the Wagnons' homeowners policy may include coverage for fire, it is no more a standard fire policy than it is a theft policy, a vandalism policy, an explosion policy, or any of the other named seventeen perils covered.

¶ 4 Section 4803(F)(1) does provide for a form of policy to be approved by the Insurance Commissioner that does not correspond to the standard fire insurance policy as provided in this section, if the coverage of the approved policy is not less than that contained in the standard fire insurance policy with respect to the peril of fire. The Tenth Circuit Court of Appeals has not asked this Court to rule whether the policy itself violates § 4803, and we express no opinion concerning this issue. But we see no reason to characterize this policy as a "standard fire insurance policy," and thereby force all the other coverages for the perils included to fit within the statutory provisions for the standard policy found in § 4803. Even though other courts have observed that the term "fire insurance" may be a generic term,[5] we see no reason to entertain this legal fiction.

¶ 5 While State Farm has attempted to sweep all perils under the umbrella of a "standard fire insurance policy," the Wagnons urge that there is an important statutory distinction between the peril of fire, and that of theft in the homeowners policy. The Wagnons observe that theft is defined as casualty insurance, and casualty insurance has its own statute of limitations. An examination of title 36 proves that this statement is correct. The definition is found in 36 O.S. 1991, § 707, which provides in pertinent part:

" 'Casualty insurance' includes vehicle insurance as defined in Section 706 and accident and health insurance as defined in Section 703, of this article, and in addition includes ... 3. Burglary and theft insurance, which is insurance against loss or damage by burglary, theft, larceny, robbery, forgery, fraud, vandalism, malicious mischief, confiscation, or wrongful conversion, disposal, or concealment, or from any attempt at any of the foregoing...."

¶ 6 Section 3617 provides that:

"No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be per-

---

**3.** Those perils include: (1) Fire or lightning; (2) Windstorm or hail; (3) Explosion; (4) Riot or civil commotion; (5) Aircraft; (6) Vehicles; (7) Smoke; (8) Vandalism or malicious mischief; (9) Theft; (10) Falling objects; (11) Weight of ice, snow or sleet; (12) Sudden and accidental discharge or overflow of water or steam; (13) Sudden and accidental tearing asunder, cracking, burning or bulging of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system, or an appliance for heating water; (14) Freezing; (15) Sudden or accidental damage to electrical appliances; (16) Breakage of glass or safety glazing material which is part of a building, storm door or storm window, and covered as Building Additions and Alterations; (17) Breakage of glass, meaning damage to the personal property caused by breakage of glass constituting a part of any building on the residence premises, but excluding loss or damage to the glass.

**4.** For instance, concerning the limitations provision that is the subject of this federal certified question, the statute provides: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." 36 O.S.1991, § 4803(G), (Second Page) ("Suit"). On page 11 of the policy, section 8 provides: "**Suit against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage."

**5.** *Villa Clement, Inc. v. National Union Fire Ins. Co.*, 120 Wis.2d 140, 145, 353 N.W.2d 369, 371 (Wis.Ct.App.1984), citing *Riteway Builders, Inc., v. First National Insurance Company of America,* 22 Wis.2d 418, 126 N.W.2d 24 (1964).

formed in Oklahoma, shall contain any condition, stipulation or agreement ... (3) limiting the time within which an action may be brought to a period of less than two (2) years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances; in property and marine and transportation policies such time shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss. Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy."

So a fire policy, being property insurance,[6] can be limited to a one-year period in which to file an action. But theft is covered as casualty insurance, which according to § 3617, cannot be limited to less than two years for bringing a court action. In addition, § 4801(A) specifically excludes casualty insurance from application to article 48. The statutory standard fire contract, § 4803(G), in the section entitled "Perils not included," specifically excludes theft from coverage. The Wagnons observe that casualty insurance has no specific statutory limitation and that either the five-year limitation period for contracts actions pursuant to 12 O.S.1991, § 95 (first) applies, or the two-year limit pursuant to 36 O.S.1991, § 3617 applies.

¶ 7 The Tenth Circuit cites three cases from other jurisdictions on the issue of whether the one-year statute of limitations for fire insurance is also applicable to theft insurance. In the first case, *Grice v. Aetna Cas. & Sur. Co.*,[7] the Louisiana Supreme Court held that where a homeowners' policy is part of the same contract as the standard fire policy, the burglary and theft coverage of the homeowners' policy will be governed by the same limitation as the standard fire poli-

cy. In the second case, *Simms v. Allstate Ins. Co.*,[8] the Washington Court of Appeals held that a theft loss covered by a homeowners' policy that incorporated the one-year limitation on fire insurance was controlled by the property insurance statute of limitations rather than a limitation for insurance other than property. But unlike the Louisiana and Washington cases, the Arizona Court of Appeals in *Kearney v. Mid–Century Ins. Co.*,[9] held that the one-year statute of limitations would not apply to theft coverage in a homeowner's policy, because the coverage was casualty insurance, which by statute could not be limited to less than two years.

¶ 8 In the Louisiana case, the plaintiff sued Aetna when she was not reimbursed for the losses she claimed under her homeowners' policy when her home was burglarized. Aetna raised the issue of the failure of the plaintiff to commence the lawsuit within the twelve months after she had sustained her loss. *Grice*, 359 So.2d at 1289. Louisiana, like Oklahoma, has a standard fire policy that is mandatory, and which contains a clause requiring a suit to be filed "within twelve months next after the inception of the loss." *Grice*, 359 So.2d at 1289. The homeowners' policy insures against burglary and theft and provides other coverages in addition to the perils of fire and lightning covered by the standard fire insurance policy. *Grice*, 359 So.2d at 1289. The plaintiff in *Grice* argued to the Supreme Court of Louisiana that the limitation had been less than twelve months because a provision of the standard fire policy requiring the insured to wait sixty days before filing a lawsuit, thereby reducing the time for suit to ten months. *Grice*, 359 So.2d at 1290. But the court found that the provisions of the standard fire policy and the Louisiana statutes of limitation were both mandated by the legislature as part of the Insurance Code, and rejected the plaintiff's argument that the waiting period reduced

---

6. Title 36 O.S.1991, § 704 provides that: " 'Property insurance' is insurance on real or personal property of every kind and interest therein, against loss or damage from any or all hazard or cause, and against loss consequential upon such loss or damage, other than noncontractual legal liability for any such loss or damage. Property insurance shall also include miscellaneous insurance as defined in paragraph 11 of section 707 of this article except as to any

noncontractual liability coverage includable therein."

7. 359 So.2d 1288 (La.1978).

8. 27 Wash.App. 872, 621 P.2d 155 (1980).

9. 22 Ariz.App. 190, 526 P.2d 169 (1974).

the time for filing a lawsuit to less than twelve months. *Grice,* 359 So.2d at 1291. The issues in *Grice* are distinguishable from those of the Wagnon's case. The plaintiff in *Grice* was not arguing that a longer statute of limitation should be applied, she argued that she was denied a full year because of the waiting period.

¶ 9 In the Washington decision, *Simms,* the Court of Appeals construed a Washington statute, RCW 48.18.200, that invalidates only those contract limitation clauses requiring suit to be brought in less than one year. *Simms,* 27 Wash.App. at 873–874, 621 P.2d at 156. But a major difference between this statute and Oklahoma's 36 O.S.1991, § 3617 is that in Washington no insurance contract could limit a right of action to a period of less than one year from the time "when the cause of action accrued," but in contracts of property insurance, the limitation "shall not be to a period of less than one year from the date of loss." *Simms,* 27 Wash.App. at 874, 621 P.2d at 156. The Washington court found that the plaintiff's claim for a theft loss sustained in February of 1977, when suit was filed against Allstate on June 22, 1979, was barred. This case has no application to the issue in the case at bar.

¶ 10 Of the three cases cited by Tenth Circuit, only the Arizona case of *Kearney* appears to have facts, statutes and issues similar to the case at bar. The plaintiff in that case sued Mid–Century Insurance Company, and Fire Insurance Exchange to recover on her claim for an $8,335.00 personal property loss from a burglarized home. The defendants' motion for summary judgment was granted based upon the plaintiff's failure to bring the action within the twelve-month period prescribed in the policy of insurance. The source of Oklahoma's article 48, title 36, is reported to be the Arizona Insurance Code, A.R.S. §§ 20–1501ff.[10] Arizona's insurance statutes quoted in *Kearney* are in substance identical to those of Oklahoma. Like 36 O.S.1991, § 3617, the Arizona statute, A.R.S. § 20–1115, provides that insurance policies shall not limit "the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances." That statute then continues, "In property and marine and transportation policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss."[11] Like the case at bar, the plaintiff asserted that the theft coverage should not have been classified under property insurance, but under casualty insurance, so that the one-year limitation period should not have been applied. The Arizona statutes define casualty insurance to include burglary and theft insurance, just as 36 O.S.1991, § 707 does.[12] The Arizona statutes also define property insurance in the same way as 36 O.S.1991, § 704.[13]

**10.** *See* 36 O.S.A. §§ 4801ff. (West 1990), Historical and Statutory Notes.

**11.** A.R.S. § 20–1115(A)(3) provides in full: "**A.** No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in this state, shall contain any condition, stipulation or agreement: ... 3. Limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In property and marine and transportation policies such time shall be one year from the date of occurrence of the event resulting in the loss except that an insurer may extend such limitation beyond one year in its policy provisions."

**12.** A.R.S. § 20–252 provides in part: " 'Casualty insurance' includes vehicle insurance as defined in § 20–259, and in addition includes: ... 3. Burglary and theft insurance, which is insurance against loss or damage by burglary, theft, larceny, robbery, forgery, fraud, vandalism, malicious mischief, confiscation or wrongful conversion, disposal or concealment, or from any attempt at any of the foregoing, including supplemental coverages for medical, hospital, surgical and funeral benefits sustained by the named insured or other person as a result of bodily injury during the commission of a burglary, robbery or theft by another, and also insurance against loss of or damage to money, coins, bullion, securities, notes, drafts, acceptances or any other valuable papers and documents, resulting from any cause."

**13.** A.R.S. § 20–256 provides: " 'Property insurance' is insurance on real or personal property of every kind and interest therein, against loss or damage from any or all hazard or cause, and against loss consequential upon such loss or

¶ 11 The Arizona court reasoned that if the loss of the plaintiff was construed as a casualty loss, then the limitation period set forth in the policy was void as being repugnant to § 20–1115, and the suit had to be reinstated as having been timely filed. *Kearney*, 22 Ariz.App. at 191, 526 P.2d at 170. The court concluded from the statutes that property insurance was not intended to include casualty insurance. *Kearney*, 22 Ariz.App. at 192, 526 P.2d at 171. Like 36 O.S.1991, § 4801, Arizona's statute, A.R.S. § 20–1501 of their article 7 entitled "Property Insurance," provides: "This article shall not apply to vehicle, casualty, inland marine or ocean marine insurance, or reinsurance."

■ ¶ 12 The Arizona court observed that where two statutes, one specific and one general, relate to the same subject, the specific statute controls and is regarded as an exception to the terms of the general statute, because the legislature is assumed not to have intended conflict. *Kearney*, 22 Ariz. App. at 192, 526 P.2d at 172. This Court has also held that in the construction of statutes, "Laws addressing a specific situation are applied to the exclusion of more general laws." *Lindsey v. Kingfisher Bank & Trust Co.*, 832 P.2d 1, 3 (Okla.1992). The Arizona court further cited the rule that the defense of the statute of limitations, while legitimate, is not favored by the courts, and where there is doubt as to which of two statutes apply, the longer period is generally used. *Kearney*, 22 Ariz.App. at 193–94, 526 P.2d at 172–73, cit-ing *O'Malley v. Sims*, 51 Ariz. 155, 75 P.2d 50, 54 (1938). The *O'Malley* case was cited with approval in *Williams v. Lee Way Motor Freight*, 688 P.2d 1294, 1297 (Okla.1984).[14]

■ ¶ 13 The insurer, State Farm, criticizes the *Kearney* case, and states that the case does not address the applicability of A.R.S. § 20–1507(B), which mirrors 36 O.S. 1991, § 4803(C). The second paragraph of § 4803(C) provides:

"Such other perils or coverages may include those excluded in the standard fire insurance policy, and may include any of the perils or coverages permitted to be insured against or issued by property and casualty insurers. Such forms of contracts, riders and endorsements may contain provisions and stipulations inconsistent with such standard fire insurance policy, if said provisions and stipulations are applicable only to such additional coverage or to the additional peril or perils insured against."

But we are not convinced that simply because the insurer is permitted to include coverage for perils listed under casualty insurance, that the legislature has intended the specific statute of limitations for casualty perils be ignored. If the mandates of 36 O.S.1991, § 3617 can be so easily circumvented, why would the legislature even provide for two separate statutes of limitation?[15] We resolve the doubt in favor of the longer statute of limitation. Theft is casualty insurance and even if it is included in a "fire

damage, other than noncontractual legal liability for any such loss or damage. Property insurance shall also include miscellaneous insurance as defined in paragraph 11 of § 20–252 except as to any noncontractual liability coverage includable therein."

14. In *Williams*, we held, "Generally, if there is a substantial question of which of two or more statutes of limitations should be applied, the doubt should be resolved in favor of the application of the statute which contains the longest limitation."

15. The dissent treats all "Standard Fire Policies" as though they were the same. The holdings of the high courts of sister states with different statutory schemes has little applicability to the statutes of Oklahoma. *Kearney* is persuasive because its statutory scheme is similar to Oklahoma's, as is explained in the opinion. The dissent cites *Coach House Inn, Inc. v. Great American Ins. Co.*, 54 Wis.2d 541, 196 N.W.2d 636 (1972), as a better reasoned opinion than *Kearney*. In the *Coach House Inn* case the plaintiff alleged it lost revenue during a period of civil disturbance, that such loss was covered by its multi-peril fire insurance policy, and that the twelve month limitation on filing suit found in the policy did not apply. The precise question answered was whether the provision being sued on ('Interruption by Civil Authority') was a valid fire insurance provision, making the one year limitation applicable. The answer was based on construction of Wisconsin statutes dissimilar to those of Oklahoma. The case does not discuss separate definitions for property and casualty insurance with respectively separate statutory proscriptions on the time limitations placed in insurance contracts which limit the filing of actions, and so is distinguishable from the facts in the case at bar.

insurance policy," the statute of limitations for theft cannot be limited to less than two years, pursuant to 36 O.S.1991, § 3617. State Farm cannot, by labeling the homeowner's policy a "fire insurance policy" circumvent the legislature's specific directive forbidding insurers from limiting filing suit on casualty policies to less than two years.

CERTIFIED QUESTION ANSWERED.

¶ 14   KAUGER, C.J., and HODGES, LAVENDER, OPALA and ALMA WILSON, JJ., concur.

¶ 15   SUMMERS, V.C.J., and SIMMS, HARGRAVE and WATT, JJ., dissent.

OPALA, Justice, with whom KAUGER, Chief Justice, and WILSON, Justice, join, concurring.

¶ 1   The court holds today that loss by theft covered in a homeowners/renters' insurance policy is subject to the two-year limitation prescribed for casualty insurance policies,[1] rather than to a one-year period for fire insurance policies.[2]   I concur in the court's view that saves this insured-loss claim from the bar of the shorter limitation period. While I opt for the solution crafted by the court in this case, I write separately to reiterate my long-held position that *discrete legislative enactments* which address limitations for *less than all* categories of insured-loss claims are "special acts" in violation of Art. 5, § 46, Okl.Const.[3]   Each of these enactments indiscriminately attempts to sever some type of loss category from the time bar *generally* applicable to breach-of-contract litigation.[4]   I cannot consider any of these separated limi-

tations as free from constitutional taint. *None has been fitted into the framework of a single comprehensive and structured class.*

¶ 2   Were I *writing today for the court,* I would (a) *hold* that *all* shorter-than-contractual time bars for actions to recover loss insured by a written policy are constitutionally impermissible *as fatally underinclusive,* (b) *declare* that recovery of losses insured by a policy in writing is governed by the general limitations in 12 O.S.1991 § 95(1),[5] and (c) *invite* the legislature to revisit all separately enacted time bars that govern insured-loss recovery for their incorporation into a *single comprehensive class with permissible subclasses.*   This would take discrete provisions out of the several special acts and place them beyond the risk of fundamental-law infirmity. Because my pronouncement would have an adverse effect on the insurance industry and on the affected regulatory measures, I would hold that, *except only* for the case before us, *the court's opinion would apply to claims that shall accrue after 12:01 A.M., November 1, 1999.*

**I**

**THE TERMS OF ART. 5, § 46, OKL. CONST.[6], PROHIBIT THE LEGISLATURE FROM REGULATING LIMITATIONS BY SPECIAL ACTS**

¶ 3   The parties *argue* both in this as well as in the federal court that the one-year limitation period the insurer invokes is constitutionally infirm and may not be applied to

---

1.   For the two-year statute of limitations that governs casualty insurance litigation, see 36 O.S. 1991 § 3617, *infra* note 18.

2.   For the one-year statute of limitations applicable to fire insurance loss, see 36 O.S.1991 § 4803, *infra* note 18.

3.   For the pertinent provisions of Art. 5, § 46, Okl.Con., see *infra* note 6.

4.   For the general limitations that govern breach-of-contract litigation, see 12 O.S.1991 § 95(1) *infra* note 17.

5.   For the pertinent provisions of 12 O.S.1991 § 95(1), see *infra* note 17.

6.   The pertinent terms of Art. 5 § 46, Okl.Const., are:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
* * *
*Regulating the practice* or jurisdiction of, or changing the rules of evidence *in judicial proceedings or inquiry before the courts,* justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals ...;
* * *
For *limitation of civil or criminal actions;* * * * " (Emphasis added.)

a loss under the policy's theft coverage.[7]

¶ 4 The strictures of Art. 5, § 46, Okl. Const., prohibit the legislature from regulating limitations by special or local law. A *special act* is one that deals with a subject already covered by general law and gives that subject a treatment different from that accorded by general law.[8] A statute offends the § 46 mandated statewide uniformity of limitations[9] when it "targets for different treatment less than an entire class of similarly situated persons or things."[10]

¶ 5 To comply with the § 46 strictures, it is incumbent upon the legislature to (a) declare that litigation for *recovery of insured losses* constitutes a *category* separate from the general rubric of actions on written contracts and (b) bring these losses under *one* limitation *or* divide them into some discrete subclasses that would pass constitutional muster based on *identified distinguishing characteristics which may be viewed as legally cognizable.*[11]

¶ 6 State law which, *without some rational basis* for the imposed separation, treats some contract-based suits differently from others will not pass constitutional muster. That law is subject to condemnation for in-

vidious underinclusion.[12] It gives some contract claims protection against shorter limitations but excludes others from the same state-conferred largesse. While the legislature may depart from the general statutory limitations scheme, *it must do so within the framework of a comprehensive and structured enactment that covers an entire class.*

¶ 7 To the extent that my views may be perceived as in conflict with those expressed by the court in *Walton v. Colonial Penn Ins. Co.*,[13] I would declare *Walton* to be flawed by an incorrect exposition of § 46 standards.

## II

¶ 8 **UNTIL LEGISLATIVE CLASSIFICATION UNDERGOES A CHANGE THAT PASSES CONSTITUTIONAL MUSTER, INSURANCE POLICIES ARE TO BE TREATED AS WRITTEN CONTRACTS WHOSE ENFORCEABILITY MUST BE DEEMED GOVERNED BY THE GENERAL LIMITATIONS FOR WRITTEN CONTRACTS IN 12 O.S. 1991 § 95(1)**

¶ 9 The legal relationship between the insured and insurer is contractual.[14] Okla-

---

7. In support of their constitutional argument, the plaintiffs cite Art. 5, §§ 46, 59 and Art. 23, §§ 8, 9, Okl.Const.

8. *Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816, 822.

9. For the relevant terms of Art. 5, § 46, Okl. Const., see *supra* note 6.

10. *Reynolds*, *supra* note 8 at 823.

11. *See, e.g.*, the Uniform Commercial Code [UCC], where by the provisions of 12A O.S.1991 § 2–725(1) the legislature developed a comprehensive, all-inclusive and structured regime for limitations applicable to commercial contracts. Under § 2–725(1) of the UCC, written and *oral sales contracts* are governed by a *five-year statute of limitations*. The *general statutory limitation* for actions based on oral contract is *only three years* (12 O.S.1991 § 95(2)). The official comment that follows § 2–725 of the UCC, prepared by the Conference of Commissioners on Uniform State Laws and the American Law Institute, states in pertinent part:
    "Purposes: To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a

nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions...."
    In *Sesow v. Swearingen*, 1976 OK 97, 552 P.2d 705, 706–07, the *contract subclass* carved out by the UCC was held to be free of infirmity.

12. For a discussion of classifications that are impermissibly underinclusive, see *Orr v. Orr*, 440 U.S. 268, 272, 99 S.Ct. 1102, 1108, 59 L.Ed.2d 306 (1979); *Stanton v. Stanton*, 421 U.S. 7, 13–14, 95 S.Ct. 1373, 1377, 43 L.Ed.2d 688 (1975).

13. 1993 OK 115, 860 P.2d 222, 223. In *Walton*, I *was in dissent* from the court's pronouncement that the one-year statute of limitations for recovery of loss by fire (rather than the five-year general limitations that apply to written contracts) is not in violation of the Art. 5, § 46 interdiction.

14. An insurance policy constitutes a contract. *First Bank of Turley v. Fidelity and Deposit Ins. Co. of Maryland*, 1996 OK 105, 928 P.2d 298, 302, *citing* 36 O.S.1991 § 102; *Silver v. Slusher*,

homa jurisprudence teaches that an action against the insurer for its refusal to pay a loss is *ex contractu* and stands governed by the principles and procedures applicable to contract actions.[15] In *Uptegraft v. Home Ins. Co.*,[16] an insured's claim for loss was held to fall under the statutory five-year limitation for written contracts.[17]

¶ 10  Without reclassifying insured-loss recovery as a class separate from other contract litigation, the legislature appears to have created a number of *special exceptions* for actions that fall under the general rubric of written-contract recovery.[18] These *discrete* enactments bear no rational connection to any existing system of classification for limitation purposes. More importantly, the one-year limitation the insurer invokes in this case is, like many others, facially devoid of any logical nexus to some lawful legislative purpose that would support a permissible exception from the general statutory regime prescribed for actions based on written contracts.

¶ 11  Insurance litigation may, in fact, constitute a class separate from other written-contract actions. Policies of insurance do bear characteristics distinguishing them from other private agreements by a host of statute-authorized regulatory requirements.[19] But in order to establish a distinct class of litigation for insured loss, which would pass the § 46 muster, the legislature has to stake out the class and define its outer limits in a rational and systematic manner. For application of distinct time bars, *insurance-loss recovery has never been explicitly (or even implicitly) declared by the legislature to merit a separate classification that would sooner extinguish the available remedies for insured losses in a manner apart from other contract litigation.*

¶ 12  I would today invite the legislature to re-examine its several separately enacted limitations for insured-loss recovery and, if it so desires, it should set that class apart from other written contracts for limitations purposes. A structured approach should be

1988 OK 53, 770 P.2d 878, 883; *Christian v. Metropolitan Life Ins. Co.*, 1977 OK 132, 566 P.2d 445, 448; 12 Appleman, Insurance Law & Practice, § 7004 at 34–56 (1981 & Supp.1995).

**15.**  An action is one *ex contractu* when recovery is sought for breach of (a) an express promise, (b) a promise implied in fact or (c) a promise implied in law. *Uptegraft v. Home Ins. Co.*, 1983 OK 41, 662 P.2d 681, 684; *Thiry v. Armstrong World Industries*, 1983 OK 28, 661 P.2d 515, 519 (Opala, J., concurring).

**16.**  *Uptegraft, supra* note 15 at 683.

**17.**  The pertinent terms of 12 O.S.1991 § 95(1) are:
"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: 1. Within five (5) years: An action upon any contract, agreement, or promise in writing; * * *"

**18.**  The pertinent terms of 36 O.S.1991 § 3617 (two-year limitation period for casualty insurance litigation) are:
"No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be performed in Oklahoma, shall contain any condition, stipulation or agreement ... (3) limiting the time within which an action may be brought to a period of less than *two (2) years* from the time the cause of action accrues in connection with *all insur-*

*ances other than property* and *marine* and *transportation insurances;* in *property* and *marine* and *transportation policies* such time *shall not be limited to less than one (1) year* from the date of occurrence of the event resulting in the loss. Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy." (Emphasis added.)

The pertinent terms of 36 O.S.1991 § 4803 (one-year limitation for fire insurance loss) are:
"A.  The printed form of a policy of fire insurance as set forth in subsection G of this section shall be known and designated as the standard fire insurance policy to be used in the State of Oklahoma.

* * *

G.  The form of the standard fire insurance policy, with permission to substitute for the word "company" a more accurate descriptive term for the type of insurer, shall be as follows:

* * *

Suit. *No suit or action on this policy* for the recovery of any claim *shall be sustainable in any court of law or equity* unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss.* * * * " (Emphasis added.)

**19.**  Chief among the regulatory requirements is that insurers must maintain reserves to cover liabilities accruing under the policies. 36 O.S. 1991 §§ 1501 et seq.

used to establish different time bars for identified subclasses for losses that fall under varied types of coverage.[20]

## SUMMARY

¶ 13   Although statutory construction canons teach that a special law is to be preferred over a general statute,[21] *there can be no special time bars* for insurance litigation unless that category be established as distinct from other contract actions (for recovery on written contracts) and then, if necessary, be divided into identified subclasses that can pass fundamental-law muster. Art. 5, § 46, Okl.Const. *Limitations are constitutionally infirm when they stand established as an exception to the general rule rather than be created for a separated and comprehensively defined class or for some of its permissibly severed subclasses.* If the severed class is underinclusive, § 46 is offended. Viewed through the constitutional prism, the several discrete limitations enacted for insured-loss recovery are set up in a haphazard manner. If insured-loss litigation is indeed to be considered a *single class that may stand distinct* from other written contract controversies, it must first be (a) legislatively *defined* and established and then (b) crafted in an all-inclusive single act that embraces the entire severed class. This means, of course, that the defined class would omit nothing that falls within its parameters, nor would it include that which lies *dehors* its outer range.

¶ 14   I would not, directly or obliquely, place today this court's *imprimatur* on any *discrete* legislative time-bar exceptions for insured-loss recovery, which are set at less than five years [22]—the general statute's time bar for recovery on written promises—*until* a comprehensive and structured regime has been crafted for extinguishment of *all* reme-

dies affecting the entire class of recovery for loss protected by a written policy.

¶ 1   WATT, Justice, with whom SUMMERS, Vice Chief Justice, and SIMMS and HARGRAVE, Justices, join, dissenting:

¶ 2   The Oklahoma version of the Standard Fire Policy, 36 O.S.Supp.1993 § 4803 provides that its terms apply to all "PROVISIONS AND STIPULATIONS HEREIN *OR ADDED HERETO.*" [Emphasis added, capitalization as in the original.] Further, coverage is provided to all property "ENDANGERED BY THE PERILS INSURED AGAINST IN THE POLICY." [capitalization as in the original.] The policy here, of course, insured against theft as well as fire, hail, and a host of other perils. The majority opinion relies on *Kearney v. Mid–Century Ins. Co.*, 22 Ariz.App. 190, 526 P.2d 169 (1974). *Kearney* was the only opinion I have been able to find after diligent research that held a loss from property damage under a fire insurance policy, regardless of cause of loss, was not governed by the one-year fire policy statute of limitations. A better reasoned opinion, in my opinion, is *Coach House Inn, Inc. v. Great American Insurance Co.*, 54 Wis.2d 541, 196 N.W.2d 636 (1972), in which the Wisconsin Supreme court rejected virtually the same argument adopted by the majority today. In *Coach House,* the Wisconsin court held that because the Standard Fire Policy applied to "other loss or damage" to property, in addition to fire damage, the one-year statute of limitations in the Standard Fire Policy applied to a loss arising *from a civil disturbance.*

¶ 3   The majority's attempt to distinguish *Grice v. Aetna Cas. & Sur. Co.*, 359 So.2d 1288 (La.1978), and *Simms v. Allstate Ins. Co.*, 27 Wash.App. 872, 621 P.2d 155 (1980), is unconvincing.   Both the Louisiana and

**20.** My counsel to the court in *Lewis v. Farmers Ins. Co., Inc.*, 1983 OK 100, 681 P.2d 67, may appear to be in discord with the views I express today. In *Lewis* I wrote in dissent from the court's application of the two-year statute for negligent tort limitations (12 O.S.1981 § 95(3)), urging that the one-year time bar (36 O.S.1981 § 4803(G)) applied. There, my position was that an action for bad-faith refusal to pay a claim should be treated, for limitation purposes, as a contract rather than a tort action. Unlike in the

present case, the plaintiffs in *Lewis* did not challenge the shorter limitations as unconstitutional.

**21.** *State ex rel. Trimble v. City of Moore*, 1991 OK 97, 818 P.2d 889, 899; *McCracken v. City of Lawton*, 1982 OK 63, 648 P.2d 18, 21 n. 10.

**22.** For the general limitation of five years which governs breach-of-contract litigation, see 12 O.S. 1991 § 95(1), *supra* note 17.

Washington Courts reached the same conclusion as the Wisconsin court for the same reason: legislative intent was clearly that *all* losses under a Standard Fire Policy are governed by the one-year statute of limitations.

¶ 4   The majority opinion requires parties to a fire insurance policy to look at the nature of the peril that caused a loss before they can know which statute of limitations applies—not a good idea in my opinion, and obviously contrary to the public policy established by the legislature in the Standard Fire Policy. An analysis of the development of the New York Standard Fire Policy shows that the Legislature intended for *all* losses under the Standard Fire Policy to be governed by the one-year statute of limitations.

¶ 5   The 1941 New York Fire Policy statute provided that the one-year statute of limitations applied to fire losses, and the courts interpreted the statute to limit the imposition of the one-year statute of limitations to fire losses only. Thus, losses from hail and other loses were not governed by the one-year statute. The New York Legislature amended the statute in 1943 to state that the one-year statute of limitations applied to any loss under the policy, and the New York Supreme Court held that the one-year "period of limitation encompassed every casualty insured against." *Proc v. Home Ins. Co.*, 17 N.Y.2d 239, 270 N.Y.S.2d 412, 414, 217 N.E.2d 136, 138 (1966).

¶ 6   In 1945, the Oklahoma Legislature amended the Standard Fire Policy Statute to comport with the amendment made by the New York Legislature in 1943. In *Springfield Fire & Marine Ins. Co. v. Biggs*, 1956 OK 114, 295 P.2d 790, this Court interpreted the amended statute of limitations to apply to a hail loss. We reached the same conclusion in *Birmingham Fire Ins. Co. v. Bond*, 1956 OK 223, 301 P.2d 361. The majority opinion is also contrary to *Walton v. Colonial Penn Ins. Co.*, 1993 OK 115, 860 P.2d 222, in which we rejected the contention that the one-year statute of limitations provision in the Standard fire Policy was unconstitutional. The dissenters in *Walton*, who would have held that the one-year statute of limitations is unconstitutional, are all members of the majority here. At this late date, no credible argument can be made that the Legislature did not intend that the applicable statute of limitations applies is to be determined by the type of *policy* involved, not by the *peril* that caused the loss.

¶ 7   In my judgment, the result reached by the majority is diametrically opposed to the requirements of the Oklahoma Standard Fire Policy statute, and its interpretation in *Biggs, Bond*, and *Walton*. The majority by its action today has ignored clear legislative intent and changed the public policy of the State of Oklahoma by judicial fiat.

¶ 8   The one-year statute of limitations should be held to apply here.

¶ 9   I dissent.