2006 OK CIV APP 97

David **BURWELL**, Plaintiff/Appellant,

v.

**MID–CENTURY INSURANCE COMPANY**, Defendant/Appellee.

No. 102,609.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 16, 2006.

---

9. This does not, and is not intended to, dispose of claims or actions against the PCP, if any exist.

Albert R. Matthews, Martha Jane Cherbini, Bonds & Matthews Law Firm, P.L.L.C., Muskogee, OK, for Appellant.

Robert Taylor, Neil D. Van Dalsem, Ashley M. Bibb, King, Taylor & Ryan, P.C., Tulsa, OK, for Appellee.

Opinion by LARRY JOPLIN, Judge.

¶ 1 Plaintiff/Appellant David Burwell (Plaintiff) seeks review of the trial court's order denying reconsideration of its previous order by which it granted the motion for summary judgment of Defendant/Appellee Mid–Century Insurance Company (Defendant) on Plaintiff's claims for breach of contract and bad faith. In this accelerated review proceeding, Plaintiff complains of error by the trial court in holding his claim barred by the one-year commencement-of-action provision of the subject insurance policy because (1) the provision is void and (2) the doctrine of equitable estoppel precludes Defendant's demand for enforcement of the policy's one-year commencement-of-action provision.

¶ 2 Plaintiff purchased a "Boatowner's Policy" of insurance issued by Defendant to cover his boat and motor. The "Boatowner's Policy" required commencement of any suit on the policy "within one year after the accident."

¶ 3 On April 23, 2000, the boat and motor suffered accidental damage while operated by Plaintiff on the Arkansas River, and Plaintiff submitted a claim to Defendant for the alleged damage. On or about April 30, 2000, an adjuster inspected the boat, and concluded the accident could not have hap-pened as Plaintiff averred. Defendant formally denied the claim on or about May 23, 2000.[1]

¶ 4 Plaintiff commenced the instant action on August 1, 2001. In his petition, Plaintiff alleged that "Plaintiff suffered a loss to the insured property ... for the sum of $14,688.06," that "in accordance with the [insurance] policy, demand was made by Plaintiff on the Defendant for the payment of said loss but the Defendant has refused, in bad faith, to pa[y] said loss." Plaintiff consequently prayed for "judgment against the Defendant for a sum in excess of $10,000.00 for his loss under the policy, plus a sum in excess of $10,000.00 as exemplary or punitive damages for the bad faith refusal of the Defendant."

¶ 5 Defendant answered, denying generally and specifically. Defendant also asserted defenses, including Plaintiff's failure to commence the instant action within one year of the loss as required by the policy, and bar by the statute of limitations.

¶ 6 The parties subsequently agreed to submit the issues concerning validity of the policy's one-year commencement-of-action provision by motion for summary judgment. Defendant argued that, in accord with 36 O.S. § 3617, the marine insurance policy required commencement of an action on the policy within one year of the accident, but that Plaintiff did not timely commence the instant action until August 2001, more than one year after the date of the accident in April 2000. Plaintiff responded, arguing the one-year commencement-of-action provision violated § 3617 and the Oklahoma constitution, art. V, § 46; and/or, alternatively, the policy was, in truth, a casualty insurance policy, governed by the two-year commencement-of-action provision of § 3617.

¶ 7 The trial court held for Defendant, and denied Plaintiff's motion for reconsideration. Plaintiff appeals.

■ ¶ 8 Plaintiff asserted that § 3617 constitutes an impermissible "special law," violating the Oklahoma Constitution, art. V,

---

1. Defendant did, in fact, pay for repairs to the hull of the boat, but refused to pay for repairs to the motor, the cost of which constituted almost the entire claimed damage.

§ 46.[2] Section 3617 of title 36, O.S., provides in pertinent part:

> No policy delivered or issued for delivery in Oklahoma and covering a subject of insurance resident, located, or to be performed in Oklahoma, shall contain any condition, stipulation or agreement ... limiting the time within which an action may be brought to a period of less than two (2) years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances; in property and marine and transportation policies such time shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss. Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy.

In 1993, the Oklahoma Supreme Court rejected an art. V, § 46 "special law" challenge to § 3617 and held a one-year commencement-of-action provision contained in a fire insurance policy constitutionally valid. *Walton v. Colonial Penn Ins. Co.*, 1993 OK 115, ¶ 13, 860 P.2d 222, 226.[3] We consequently reject the same constitutional challenge to the one-year commencement-of-action provision contained in the instant policy.

■ ¶ 9 Plaintiff also asserted below that the "Boatowner's" insurance policy covering his boat and motor was not really a "marine" insurance policy subject to a one-year commencement-of-action limit under § 3617, but was really a "casualty" insurance policy subject to the two-year commencement-of-action limit of § 3617. Compare, 36 O.S. § 705,[4] with 36 O.S. § 707.[5] More particularly, Plaintiff argued that an insurer's characterization of the insurance policy as "marine" insurance or "casualty" insurance does not control, and where there is some doubt what limitations period should apply, the doubt should be resolved "in favor of the longer statute of limitation." *Wagnon v. State*

2. "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: ... For limitation of civil or criminal actions; ...."

3. "The legislature's policy decision to provide a one year statute of limitations for suits on fire insurance contracts in [36 O.S.] §§ 4803.G and 3617, while providing for different statutes of limitations for suits on other contracts was reasonable."

4. " 'Marine insurance' includes: 1. Insurance against any and all kinds of loss or damage to vessels, craft, aircraft, cars, automobiles and vehicles of every kind, ..., in respect to, appertaining to or in connection with any and all risks or perils of navigation, transit, or transportation, including war risks, on or under any seas or other waters, on land or in the air, ..., including marine builders' risks and all personal property floater risks; 2. Insurance against any and all kinds of loss or damage to person or to property in connection with or appertaining to a marine, inland marine, transit or transportation insurance ...; 3. Insurance against any and all kinds of loss or damage to precious stones, jewelry, gold, silver and other precious metals, whether used in business or trade or otherwise and whether the same be in course of transportation or otherwise; 4. Insurance against any and all kinds of loss or damage to bridges, tunnels and other instrumentalities of transportation and communication ...; 5. Insurance against any and all kinds of loss or damage to piers, wharves,

docks and slips, ...; 6. Insurance against any and all kinds of loss or damage to other aids to navigation and transportation, including dry docks and marine railways, dams and appurtenant facilities for the control of waterways; and 7. Marine protection and indemnity insurance, which is insurance against, or against legal liability of the insured for, loss, damage or expense arising out of, or incident to, the ownership, operation, chartering, maintenance, use, repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness or death or for loss of or damage to the property of another person."

5. " 'Casualty insurance' includes vehicle insurance as defined in Section 706 and accident and health insurance as defined in Section 703, of [title 36], and in addition includes: 1. Liability insurance ... [;] 2. Workers' compensation and employers' liability insurance ... [;] 3. Burglary and theft insurance ... [;] 4. Personal property floater insurance ... [;] 5. Glass insurance ... [;] 6. Boiler and machinery insurance ... [;] 7. Leakage and fire extinguishing equipment insurance ... [;] 8. Credit insurance ... [;] 9. Malpractice insurance ... [;] 10. Entertainments insurance ... [; and,] 11. Miscellaneous insurance, which is insurance against any other kind of loss, damage, or liability properly a subject of insurance and not within any other kind of insurance as defined in this article, if such insurance is not disapproved by the Insurance Commissioner as being contrary to law or public policy."

*Farm Fire and Cas. Co.,* 1997 OK 160, ¶ 13, 951 P.2d 641, 646.

¶ 10 In *Wagnon,* the insureds purchased an insurance policy to protect their personal property against loss from multiple perils including fire, lightning, and theft, and the policy required commencement of any suit against the insurer within one year of the date of loss or damage. 1997 OK 160, ¶ 2, 951 P.2d at 642. The insureds made claim for a theft loss, but "[t]he insurer denied coverage based on misrepresentations by the" insureds, and the insureds commenced suit in the United States District Court, Northern District of Oklahoma, more than one year after the loss. *Id.* The trial court held the policy's one-year commencement-of-action provision was invalid, and awarded insureds damages. *Id.*

¶ 11 On appeal, the Tenth Circuit certified the commencement-of-action question to the Oklahoma Supreme Court. *Wagnon,* 1997 OK 160, ¶ 1, 951 P.2d at 646. Recognizing that the different perils covered by the insureds' multi-peril insurance policy were subject to different commencement-of-action periods depending on the peril—i.e., one year for fire losses and two years for theft losses—the Oklahoma Supreme Court held:

> [W]e are not convinced that simply because the insurer is permitted to include coverage for perils listed under casualty insurance, that the legislature has intended the specific statute of limitations for casualty perils be ignored. If the mandates of 36 O.S.1991, § 3617 can be so easily circumvented, why would the legislature even provide for two separate statutes of limitation? We resolve the doubt in favor of the longer statute of limitation. Theft is casualty insurance and even if it is included in a "fire insurance policy," the statute of limitations for theft cannot be limited to less than two years, pursuant to 36 O.S. 1991, § 3617. State Farm cannot, by labeling the homeowner's policy a "fire insurance policy" circumvent the legislature's specific directive forbidding insurers

from limiting filing suit on casualty policies to less than two years.

*Wagnon,* 1997 OK 160, ¶ 13, 951 P.2d 641, 646. We read *Wagnon* to stand for the proposition that, where the insurance policy covers losses from multiple perils, and the multiple perils are subject to different commencement-of-action periods, an action against the insurer must be commenced within the period prescribed for the particular peril causing the claimed loss.

¶ 12 Section 707(1) specifically defines " 'marine insurance' as [i]nsurance against any and all kinds of loss or damage to vessels, craft, aircraft, cars, automobiles and vehicles of every kind, ..., in respect to, appertaining to or in connection with any and all risks or perils of navigation," and, accepting as true Plaintiffs' allegation of damage to his "craft" "from a risk or peril of navigation," the insurance policy cannot be considered anything other than a "marine insurance policy." As a loss covered by a "marine insurance policy," any action against the insurer had to be commenced within one year of the loss. Plaintiffs did not commence the instant case within one year of their loss.

¶ 13 Plaintiff also argued that, because the policy was really a casualty policy, Defendant was equitably estopped to demand enforcement of the one year commencement-of-action provision. Here, Plaintiff argued that the "definition of marine insurance contained in 36 O.S. § 705 uses terms which make sense only in a commercial context"; and, because insurance contracts are construed more favorably to the insured, "Plaintiff's policy for loss of his boat should be construed giving him rights comparable to those he would have for another personal vehicle, a car, which would give him ... [,] [a]t a minimum, ... the amount of time provided for other types of casualty insurance—two years." *See, e.g., Spears v. Shelter Mutual Ins. Co.,* 2003 OK 66, ¶ 5, 73 P.3d 865, 868 [6]; *Wilson v. Travelers Insurance Company,* 1980 OK 9, ¶ 8, 605 P.2d 1327, 1329.[7]

¶ 14 However:

**6.** "[I]n the event of ambiguity or conflict in the policy provisions, a policy of insurance is to be construed strictly against the insurer and in favor of the insured."

**7.** "The general statutory construction of contracts is dispositive of the issue. Insurance contracts are contracts of adhesion, and where the contract is susceptible of two constructions, the

... At its most basic, "[e]quitable estoppel is employed to prevent one party from taking a legal position inconsistent with an earlier action that places the other party at a disadvantage." It "holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who has in good faith, relied upon that representation or position."

*Harding & Shelton, Inc. v. Prospective Inv. and Trading Co., Ltd.*, 2005 OK CIV APP 88, ¶ 28, 123 P.3d 56, 64. (Citations omitted.) We have previously held the coverage at issue unambiguously concerns losses covered by marine insurance, and we discern no change of position by the Plaintiff concerning the risks covered by the policy, or the time in which to commence an action against the insurer, as to justify invocation of the doctrine of equitable estoppel.

¶ 15 "Summary judgment is proper only when there is no genuine issue of material fact. (Citation omitted.)" *Prudential Ins. Co. of America v. Glass*, 1998 OK 52, ¶ 3, 959 P.2d 586, 588; Rule 13(e), Rules for District Courts of Oklahoma, 12 O.S., Ch. 2, App.[8] We review "a grant of summary judgment by a de novo standard." *Prudential Ins. Co. of America*, 1998 OK 52, ¶ 2, 959 P.2d at 588. That is, "this Court will examine pleadings and evidentiary materials to determine what facts are material and whether there is substantial controversy as to one material fact. (Citation omitted.)" *Sperling v. Marler*, 1998 OK 81, ¶ 3, 963 P.2d 577, 579. "If substantial controversy as to a material fact exists, then summary judgment is improper." *Id.*

¶ 16 We discern no controversy of fact concerning the date of loss or the date of commencement of this suit, untimely commenced more than one year after the loss. The trial court did not err in granting the motion for summary judgment of Defendant, or in denying reconsideration.

¶ 17 The order of the trial court is AFFIRMED.

BELL, P.J., and HANSEN, J., concur.

---

construction most favorable to the insured must be adopted. Standardized or printed contracts are interpreted most strongly against the party preparing the form. The rule of strict construction against the drafter of the instrument is particularly applicable in the case of a contract drawn by an expert or experienced party.

8. "If it appears to the court that there is no substantial controversy as to the material facts and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment for said party."